# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

# BECKLEY DIVISION

BECKLEY ONCOLOGY ASSOCIATES, INC.,

        Plaintiff,

v.                                      CIVIL ACTION NO. 5:18-cv-01549

RAMI ABUMASMAH, M.D.,

        Defendant.

## MEMORANDUM OPINION AND ORDER

The Court has reviewed the *Complaint to Vacate Arbitration Awards* (Document 1), the *Defendant's Motion to Dismiss Complaint to Vacate Arbitration Awards* (Document 6), the *Plaintiff's Response in Opposition to Defendant's Motion to Dismiss* (Document 8), and all attached exhibits. After careful consideration, the Court finds that the motion to dismiss should be granted.

## FACTUAL ALLEGATIONS[1]

The Plaintiff, Beckley Oncology Associates (BOA), is a Beckley medical facility offering cancer therapy and ancillary patient care services. In 2012, BOA recruited the Defendant, Dr. Rami Abumasmah, to join BOA as a physician specializing in hematology/medical oncology. The parties entered into the Employment Agreement on May 30, 2012, setting forth the terms of Dr. Abumasmah's employment. The Agreement provided for an initial two-year term, which was

---

[1] The facts recounted herein are drawn from the complaint and the documents attached thereto, including the employment agreement and the arbitration awards.

automatically renewable. Following that two-year term, Dr. Abumasmah was eligible for partnership consideration if he wished to buy in to BOA as a shareholder. The Agreement sets a base salary of $275,000 per year, with an incentive bonus calculated based on the gross receipts for the "initial two-year term of this agreement." (Employment Agreement at ¶ 5(b), att'd as Ex. B to the Complaint) (Document 1-2). The Agreement provides that "[t]he specific terms of this incentive bonus are provided only for the initial term of this agreement and are subject to renegotiation in subsequent renewals of this agreement." (*Id*.)

The Agreement also contains an arbitration clause requiring that any disputes "shall be decided by binding and compulsory arbitration under the Commercial Arbitration Rules of the American Arbitration Association" and "[t]he decision of such arbitrator(s) shall be final and conclusive and enforceable in any court of competent jurisdiction without any right of judicial review or appeal." (*Id*. at ¶ 16.)

Dr. Abumasmah completed the initial two-year term of employment. He declined to seek partnership but continued working at BOA. In early 2015, he advised BOA that he intended to return to Jordan to care for his mother, who had become ill. His last day at BOA was June 25, 2015. He filed a Demand for Arbitration on November 9, 2017, asserting a variety of claims. The Arbitrator decided in his favor as to a claim that BOA wrongfully denied payment of an incentive bonus for his third year of employment.

The Arbitrator's first decision concluded: "As for the plain language of the Employment Agreement, it is plain that the Parties expected there would be an incentive bonus of some sort for Dr. Abumasmah during his third year – which is why the terms of that bonus were 'subject to renegotiation.'" (Nov. 12, 2018 Arb. Order at 6, att'd as Ex. E to Complaint) (Document 1-5.)

The Arbitrator further found that "the Employment Agreement is built on the erroneous assumption that both Parties would come to an understanding as to the terms for the third year bonus plan and does not provide for any procedure to set those terms in the absence of an understanding – aside, of course, from the mandatory arbitration clause." (*Id.* at 7.) He rejected both BOA's position that no incentive bonus was provided in the contract after the first two years and Dr. Abumasmah's position that the specific terms of the incentive bonus applicable to the initial two-year term automatically renewed. He directed the parties to confer regarding the bonus and provide him additional information regarding the incentive bonus structure BOA used as to other employee physicians and the incentive bonus structures commonly applicable in the medical field.

On December 21, 2018, the Arbitrator issued a second Award and Order granting Dr. Abumasmah an incentive bonus in the amount of $167,030, together with interest and various fees for a total of $227,224.57. He reached the incentive bonus amount by awarding Dr. Abumasmah half of the 5% of his gross revenue that was not attributable to chemotherapy drugs, which BOA argued provided a low margin used for overhead, including salaries, and found the amount reasonable, as it fell between the incentive bonus awards earned in the first two years.

BOA filed its complaint to vacate the arbitration award on December 31, 2018. Dr. Abumasmah filed his motion to dismiss on March 14, 2019. That motion is now fully briefed and ripe for a ruling.

## STANDARD OF REVIEW

*A. Rule 12(b)(1)*

A motion to dismiss pursuant to Rule 12(b)(1) raises the fundamental question of whether a court is competent to hear and adjudicate the claims brought before it. "In contrast to its treatment of disputed issues of fact when considering a Rule 12(b)(6) motion, a court asked to dismiss for lack of jurisdiction may resolve factual disputes to determine the proper disposition of the motion." *Thigpen v. United States*, 800 F.2d 393, 396 (4th Cir. 1986) *rejected on other grounds, Sheridan v. United States,* 487 U.S. 392 (1988) (but explaining that a court should accept the allegations in the complaint as true when presented with a facial attack that argues insufficiency of the allegations in the complaint). Reasonable discovery may be necessary to permit the plaintiff to produce the facts and evidence necessary to support their jurisdictional allegations. *Id.* The plaintiff has the burden of proving that subject matter jurisdiction exists. *See Richmond, Fredericksburg & Potomac R. Co. v. United States,* 945 F.2d 765, 768 (4th Cir.1991). Dismissal for lack of subject matter jurisdiction is proper only if there is no dispute regarding the material jurisdictional facts and the moving party is entitled to prevail as a matter of law. *Evans v. B.F. Perkins Co., a Div. of Standex Int'l Corp.*, 166 F.3d 642, 647 (4th Cir. 1999).

*B. 12(b)(6)*

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted tests the legal sufficiency of a complaint or pleading. *Francis v. Giacomelli,* 588 F.3d 186, 192 (4th Cir. 2009); *Giarratano v. Johnson,* 521 F.3d 298, 302 (4th Cir. 2008). Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.

R. Civ. P. 8(a)(2). Additionally, allegations "must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (*quoting Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 555 (2007)). In other words, "a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Moreover, "a complaint [will not] suffice if it tenders naked assertions devoid of further factual enhancements." *Iqbal,* 556 U.S. at 678 (*quoting Twombly,* 550 U.S. at 557) (internal quotation marks omitted).

The Court must "accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). The Court must also "draw[ ] all reasonable factual inferences from those facts in the plaintiff's favor." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). However, statements of bare legal conclusions "are not entitled to the assumption of truth" and are insufficient to state a claim. *Iqbal,* 556 U.S. at 679. Furthermore, the court need not "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts., v. J.D. Assocs. Ltd. P'ship,* 213 F.3d 175, 180 (4th Cir. 2000). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice . . . [because courts] 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 555).

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 570). In other words, this "plausibility standard requires a plaintiff

5

to demonstrate more than 'a sheer possibility that a defendant has acted unlawfully.'" *Francis,* 588 F.3d at 193 (quoting *Twombly,* 550 U.S. at 570). A plaintiff must, using the complaint, "articulate facts, when accepted as true, that 'show' that the plaintiff has stated a claim entitling him to relief." *Francis,* 588 F.3d at 193 (quoting *Twombly,* 550 U.S. at 557). "Determining whether a complaint states [on its face] a plausible claim for relief [which can survive a motion to dismiss] will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal,* 556 U.S. at 679.

## DISCUSSION

Dr. Abumasmah argues that the language of the arbitration clause in the Employment Agreement eliminates all right to judicial review, depriving this Court of jurisdiction over BOA's complaint. Should the Court find that it has jurisdiction, he argues that the Arbitrator did not exceed his authority and properly based his award on his interpretation of the contract. BOA argues that the Arbitrator found that the contract did not provide for a bonus incentive and improperly based his award on a theory of unjust enrichment that is not legally applicable to contract cases. BOA further argues that the Court should not address the merits of the case in a motion to dismiss, but instead consider competing motions to enforce or vacate filed in accordance with the Court's scheduling order.

The plain language of the parties' agreement provides that the arbitration decision "shall be final and conclusive and enforceable in any court of competent jurisdiction *without any right of judicial review or appeal.*" (Employment Agreement at ¶ 16) (emphasis added). As a general rule, valid, unambiguous contracts are enforceable as written. *Zimmerer v. Romano*, 679 S.E.2d 601, 610 (W. Va. 2009) (quoting Syl. pt. 1, *Cotiga Development Company v. United Fuel Gas*

6

*Company,* 128 S.E.2d 626 (W. Va. 1963)). The status of the law regarding contractual waiver of any judicial review of arbitration awards governed by the Federal Arbitration Act (FAA) is less clear, however.

The FAA establishes procedures for arbitration, including certain grounds for vacating an arbitration award. 9 U.S.C. § 10. Absent grounds to vacate, modify, or correct an arbitration award, "any party to the arbitration may apply to the court…for an order confirming the award, and thereupon the court must grant such an order." *Id*. at § 9. The Supreme Court has held that the grounds listed in the FAA for vacating or modifying an arbitration award are exclusive and cannot be expanded by the terms of the contractual arbitration agreement. *Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 586–87 (2008). The Court reasoned that "the three provisions, §§ 9–11, [substantiate] a national policy favoring arbitration with just the limited review needed to maintain arbitration's essential virtue of resolving disputes straightaway." *Id*. at 588.

The Ninth Circuit reasoned that "[j]ust as the text of the FAA compels the conclusion that the grounds for vacatur of an arbitration award may not be supplemented, it also compels the conclusion that these grounds are not waivable, or subject to elimination by contract." *In re Wal-Mart Wage & Hour Employment Practices Litig.*, 737 F.3d 1262, 1267–68 (9th Cir. 2013). The Tenth Circuit has found "that a non-appealability clause in an arbitration agreement that forecloses judicial review of an arbitration award beyond the district court level is enforceable," but noted that its analysis would be different if the provision applied to a district court. *MACTEC, Inc. v. Gorelick*, 427 F.3d 821, 824 (10th Cir. 2005). The Second Circuit found that "[a]n agreement that contemplates confirmation but bars all judicial review presents serious concerns," explaining that enforcing such an agreement would render federal courts "rubber stamps" by "reliev[ing] them

7

of their obligation to review arbitration awards for compliance with § 10(a)." *Hoeft v. MVL Grp., Inc.*, 343 F.3d 57, 64 (2d Cir. 2003), *abrogated by Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576 (2008).

Thus, although neither the parties nor the Court have identified binding precedent from this Circuit regarding contractual terms precluding judicial review of an arbitration award, several courts have considered the issue and found such a provision unenforceable. Permitting parties to retain the FAA's mechanism to enforce awards in court without the accompanying mechanism to permit courts to "review both the substance of the awards and the arbitral process for compliance with § 10(a) and the manifest disregard standard" would upset the balance established by the FAA. *Id.* at 66. It also misconstrues the role of courts in the scheme established by the FAA. Section 9 ties the requirement that courts confirm arbitration awards to the Section 10 and 11 standards for vacating, modifying, or correcting such awards. Parties to a contract cannot bind a court to enforce an arbitration award without consideration of the legal grounds for declining to do so. Therefore, the Court finds that the motion to dismiss for lack of jurisdiction, based on the parties' agreement that no judicial review or appeal is permitted, must be denied.

The Court finds, however, that Dr. Abumasmah's motion to dismiss pursuant to Rule 12(b)(6) should be granted. The Court has considered BOA's argument that the preferred procedure is to address whether to vacate or confirm an arbitration award through competing motions, rather than through a motion to dismiss. However, BOA attached the Employment Agreement and the two arbitration decisions to its complaint, and the Court finds those documents integral to the complaint and appropriate for consideration at this stage. Additional briefing, argument, or production of documents will not aid the Court's decisional process.

The FAA permits vacation of an arbitration award:

> (1) where the award was procured by corruption, fraud, or undue means;
> (2) where there was evident partiality or corruption in the arbitrators, or either of them;
> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10. In addition, an arbitration award may be vacated for manifest disregard, "either as an independent ground for review or as a judicial gloss" on the grounds enumerated in § 10. The Fourth Circuit has adopted a two-part test to vacate for manifest disregard: "(1) the applicable legal principle is clearly defined and not subject to reasonable debate; and (2) the arbitrator [ ] refused to heed that legal principle." *Wachovia Sec., LLC v. Brand*, 671 F.3d 472, 483 (4th Cir. 2012) (quoting *Long John Silver's Restaurants, Inc. v. Cole*, 514 F.3d 345, 349 (4th Cir. 2008)).

BOA asserts that the arbitration awards "constitute a manifest disregard of the law," "fail to draw [their] essence from the agreement at issue and [are] wholly premised upon the Arbitrator's personal notions of right and wrong," and "exceed the scope of the Arbitrator's authority and power." (Compl. at ¶ 46.) BOA's position rests on its allegation that the Arbitrator "correctly determined that the plain language of the Employment Agreement did not provide incentive compensation during the third year of Defendant's employment." (Resp. at 8.) That misstates the Arbitrator's decision and reasoning. The Arbitrator found that the Employment Agreement provided for an incentive bonus for the third and subsequent years of employment but did not establish the terms for calculating the bonus after the first two years, instead relying on the parties

9

to renegotiate it. He reached beyond the bounds of the contract only for calculation of the *amount* of the bonus, after finding the contract to be silent in that regard. Before considering unjust enrichment under West Virginia law, he noted that the Employment Agreement grants the Arbitrator "the right and duty to give appropriate equitable and legal relief," which he interpreted to permit consideration of equitable legal concepts under state law. (Nov. 12, 2018 Award at 7, quoting Employment Agreement at ¶ 16.)

This Court may not consider whether the Arbitrator correctly interpreted the contract or correctly applied West Virginia law.[2] It may only consider, as applicable to this case, whether his award was made in manifest disregard of the law. Nothing in the Arbitrator's rulings suggest that he refused to heed a clearly defined legal principle or deliberately disregarded the contract language. Therefore, the motion to dismiss the complaint should be granted.

## CONCLUSION

Wherefore, after thorough review and careful consideration, the Court **ORDERS** that the *Defendant's Motion to Dismiss Complaint to Vacate Arbitration Awards* (Document 6) be **GRANTED**, that the *Complaint to Vacate Arbitration Awards* (Document 1) be **DENIED** and **DISMISSED**, and that the Arbitrator's Awards be **CONFIRMED**.

---

2 BOA argues that the language in the Employment Agreement stating that the terms of the bonus were 'subject to renegotiation' after the first two years is permissive language that cannot reasonably be read to require such renegotiation. It reasons that there was then no obligation to pay any incentive bonus award. The Court observes that the permissive 'subject to renegotiation' language could just as easily be read to mean *renegotiation* is optional, and the prior terms apply absent such renegotiation. The Arbitrator appears to have found the language ambiguous and considered extrinsic evidence, including the parties' behavior, in reaching his ruling.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER: June 28, 2019

_____
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA