# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF WEST VIRGINIA

### AT BECKLEY

BECKLEY ONCOLOGY
ASSOCIATES, INC.

        Plaintiff,

vs.                                            CIVIL ACTION NO: 5:18-cv-01549

RAMI ABUMASMAH, M.D.,

        Defendant.

### MEMORANDUM OPINION AND ORDER

Pending is Defendant Rami Abumasmah, M.D.'s Motion for Attorney Fees and Costs ("motion for attorney fees") [Doc. 15], filed July 12, 2019. Plaintiff Beckley Oncology Associates, Inc. ("BOA") responded on July 26, 2019 [Doc. 20].

### I.

BOA instituted this action on December 21, 2018, following the issuance of two arbitration awards in favor of Dr. Abumasmah. The first award rendered November 12, 2018, adjudicated BOA liable for Dr. Abumasmah's claims that BOA had violated multiple provisions of the parties' Employment Agreement. The second award rendered December 28, 2018, awarded Dr. Abumasmah $237,097.57 in damages, of which $39,338.54 consisted of attorney fees and costs. Thereafter, BOA instituted this action seeking vacatur of the two awards. Dr. Abumasmah moved to dismiss on March 14, 2019.

On June 28, 2019, the Court granted Dr. Abumasmah's motion to dismiss and confirmed the underlying arbitration awards. Dr. Abumasmah then filed the instant motion for attorney fees seeking his post-arbitral litigation expenses. Three days later, on July 15, 2019, BOA noticed its appeal of the June 28, 2019, dismissal and confirmation order. BOA then responded to the motion for attorney fees on July 26, 2019.

Dr. Abumasmah asserts "numerous bases" for awarding "the attorney fees he accumulated defending his interests against [BOA's] frivolous attempt to vacate the arbitration award." [Doc. 16 at 3]. Specifically, Dr. Abumasmah contends that Federal Rule of Civil Procedure 54, the parties' Employment Agreement, and the West Virginia Revised Uniform Arbitration Act entitle him to an award of attorney fees in the amount of $10,721.00 for his post-arbitral litigation expenses. Dr. Abumasmah also appears to suggest that BOA's bad faith attempt at vacatur warrants an attorney fee award. Dr. Abumasmah also contends that he is entitled to an award of costs in the amount of $925.90 pursuant to Rule 54(d)(1).

BOA responds that Dr. Abumasmah's motion "has failed to identify legally adequate grounds entitling him to additional fees and costs" as required by Federal Rule of Civil Procedure 54(d). [Doc. 20 at 1]. Specifically, BOA contends (1) the Court does not have jurisdiction to award attorney fees and costs for post-arbitral litigation expenses, (2) the parties' Employment Agreement does not permit recovery of these expenses, (3) the West Virginia Revised Uniform Arbitration Act is inapplicable, and (4) BOA's attempt to vacate the arbitral awards was not made in bad faith.

# II.

A.  **Award of Costs**

Federal Rule of Civil Procedure 54(d)(1) provides pertinently that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs – other than attorneys' fees – should be allowed to the prevailing party." "Indeed, the rule gives rise to a presumption in favor of an award of costs to the prevailing party." *Teague v. Bakker*, 35 F.3d 978, 996 (4th Cir. 1994). "The rule makes clear that, in the ordinary course, a prevailing party is entitled to an award of costs." *Id.* (citing *Constantino v. American S/T Achilles*, 580 F.2d 121, 123 (4th Cir. 1978)). Courts have recognized that a party for whom the district court confirms an arbitration award is a "prevailing party" pursuant to Rule 54(d)(1). *See SMD Hospitality, LLC v. A Royal Touch, Inc.*, 2019 WL 2511757, *1 (E.D.N.C. June 17, 2019) (awarding costs to the prevailing party in the confirmation proceeding before the district court under Rule 54(d)(1)); *Davison Design & Development, Inc. v. Frison*, 2019 WL 17455787, *5 (W.D. Pa., April 18, 2019) (concluding the party requesting costs was the prevailing party under Rule 54(d)(1) given that the district court "confirmed the arbitration award and entered judgment in her favor."); *Lummus Glob. Amazonas, S.A. v. Aguaytia Energy del Peru, S.A. Ltda.*, 2002 WL 31416834, *2-3 (S.D. Tex. July 17, 2002) (awarding costs under Rule 54(d)(1) to the party who prevailed before the arbitrator and was the "prevailing party in . . . [the] action to confirm and enter judgment enforcing the arbitration award").

Furthermore, "in a case where the district court feels that aberration from this general rule is appropriate, the court must justify its decision [to deny costs] 'by articulating some good reason for doing so.'" *Teague*, 35 F.3d at 996 (quoting *Oak Hall Cap and Gown Co. v. Old Dominion Freight Line, Inc.*, 889 F.2d 291, 296 (4th Cir. 1990)); *see Constantino*, 580 F.2d at 123

(reversing the district court's denial of costs where the court stated no reason for its action). "Good reasons might include the excessiveness of costs in a particular case, actions taken by the prevailing party which unnecessarily prolonged trial or injected meritless issues, the fact that the prevailing party's recovery is so small the prevailing party is victorious in name only, and the fact that the case in question was a close and difficult one." *Teague*, 35 F.3d at 996 (citing *White & White, Inc. v. American Hosp. Supply Corp.*, 786 F.2d 728, 730 (6th Cir. 1986)).

Here, the presumption of awarding costs pursuant to Rule 54(d)(1) applies inasmuch as Dr. Abumasmah is the prevailing party. The Court confirmed the arbitral awards and entered Judgment accordingly. [*See* Doc. 23]. There is no good reason to deny an award of costs.

Pursuant to Rule 54(d)(1) and Local Rule 54.1 of the United States District Court for the Southern District of West Virginia, however, the Clerk taxes costs. Accordingly, inasmuch as Dr. Abumasmah requests the taxing of costs, that matter will be addressed by the Clerk in the first instance.

**B.     Award of Attorney Fees**

According to the American rule, "a litigant must pay its own attorneys' fees in the absence of a statutory or enforceable contractual provision allowing attorneys' fees to be awarded to a prevailing party." *E.E.O.C. v. Propak Logistics, Inc.*, 746 F.3d 145, 151 (4th Cir. 2014); *see also Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 247, 263-64 (1975) (explaining that without statutory authorization or contractual agreement between the parties, the prevailing American rule is that each party in federal litigation pays his own attorney's fees). The American rule may be overcome (1) by a statute that provides for an award of attorney fees, (2) by a valid contract between the parties that allocates attorney fees, or (3) when a party has acted "in bad faith, vexatiously, wantonly, or for oppressive reasons." *Davison Design & Development, Inc., v. Frison*,

2019 WL 1745787, *1 (W.D. Pa., April 18, 2019) (citing *Travelers Cas. & Sur. Co. of Am. v. Pac. Gas & Elec. Co.*, 549 U.S. 443, 448 (2007), and *Hall v. Cole*, 412 U.S. 1, 5 (1973)).

The Federal Arbitration Act ("FAA") "does not independently provide for an award of attorneys' fees or costs incurred as part of the confirmation proceedings before the district court." *Davison Design & Development, Inc.*, 2019 WL 1745787, at *2; *see also Meneke v. Monchecourt*, 17 F.3d 1007, 1009 (7th Cir. 1994) (concluding "there is nothing in the Federal Arbitration Act which provides attorneys' fees to a party who is successful in seeking confirmation of an arbitration award in federal courts"); *Stone v. Bear, Stearns & Co.*, 872 F.Supp. 2d 435, 457 (E.D. Pa. 2012) (concluding "[t]he FAA does not typically provided for an award of attorneys' fees to a party who is successful in confirming an arbitration award.").

The Court is thus without authority to award Dr. Abumasmah attorney fees under the FAA. The requested attorney fee award thus hinges upon other statutory authority, the parties' Employment Agreement, or the asserted bad faith of BOA.

### 1. Federal Rule of Civil Procedure 54

Dr. Abumasmah appears to assert that Federal Rule of Civil Procedure 54 provides an independent statutory basis entitling him to an award for attorney fees. That assertion is meritless.

As explained in detail above, Federal Rule of Civil Procedure 54(d)(1) permits a prevailing party to seek reimbursement of costs associated with litigation. Rule 54 also permits a prevailing party to move for attorney fees. Fed. R. Civ. P. 54(d)(2)(A). But the Rule requires the movant to, *inter alia*, "specify the judgment and the statute, rule, or other grounds entitling" him to the award. Fed. R. Civ. P. 54(d)(2)(B)(ii).

Rule 54 is a procedural device authorizing a litigant to seek attorney fees if certain requirements are met; it is not a substantive, statutory right giving rise to the same.

### 2. The West Virginia Revised Uniform Arbitration Act

Dr. Abumasmah next contends that he is entitled to attorney fees under the West Virginia Revised Uniform Arbitration Act ("the Act"). Dr. Abumasmah is correct that the Act permits the Court, upon application of a prevailing party, to "add reasonable attorneys' fees and other reasonable expenses of litigation incurred in a judicial proceeding after the award is made to a judgment confirming, vacating without directing a rehearing, modifying or correcting an award." W. Va. Code § 55-10-27(c). The Act, however, is only applicable to arbitration agreements made on or after July 1, 2015, unless otherwise agreed upon by the parties. *See* W. Va. Code § 55-10-5(a)-(b).

Inasmuch as the parties' Employment Agreement became effective on May 30, 2012, and the parties never bargained for retroactive application of the Act, the cited authority does not constitute an independent statutory basis for the requested award. [*See* Doc. 1-2 at 1].

### 3. The Employment Agreement

Dr. Abumasmah next asserts that Section 16 of the parties' Employment Agreement entitles him to an award of attorney fees. He claims the operative language is ambiguous and should be construed against BOA. Specifically, Dr. Abumasmah contends that his attorney fees "were among the costs of arbitration" given that the fees he "incurred litigating [BOA's] Complaint were inherent to the arbitration and were necessary in order to secure the award he received from [the Arbitrator]." [Doc. 16 at 3].

Section 16 of the Employment Agreement provides:

> All disputes controversies and disagreements between the Employer and Physician connected with, related to or arising out of (i) the employment relationship between the parties, including its commencement and termination and all activities throughout; (ii) the execution, delivery, interpretation or enforcement of this Employment Agreement . . . shall be decided by binding and compulsory arbitration under the Commercial Arbitration Rules of the American Arbitration Association . . . *The cost of arbitration, including attorneys' fees, shall be awarded by the arbitrator(s) to the prevailing party and the arbitrator(s) shall have the right and duty to give appropriate equitable and legal relief.*

[Doc. 1-2 at 9-10] (emphasis added). Nothing in the plain language of Section 16 authorizes the requested award for post-arbitral litigation expenses. To the contrary, the Employment Agreement permits an award only when awarded by the arbitrator and as a result of the arbitration. The Employment Agreement thus cannot justify the requested fee shift. *See Davison Design & Development, Inc.*, 2019 WL 17455787 at *2 (explaining that because the parties' agreements did not expressly provide for an award of attorneys' fees and costs incurred during the confirmation proceedings, the agreements did not provide the court a basis upon which to award the same); *Crossville Medical Oncology, PC v. Glenwood Systems, LLC*, 610 F.Appx. 464, 468-470 (6th Cir. 2015) (affirming the district court's denial of request for attorneys' fees where the arbitration agreement "only authorize[d] an *arbitrator* to award attorneys' fees and costs during *arbitration*.").

### 4. Bad Faith

Dr. Abumasmah characterizes BOE's vacatur request as "frivolous" and a "baseless and wasteful attempt to vacate the arbitration." As previously discussed, an exception to the American rule exists where an unsuccessful party has acted "in bad faith, vexatiously, wantonly, or for oppressive reasons." *Balcar v. Bell and Associates, LLC*, 295 F. Supp. 2d 635, 640 (N.D.

6

W. Va. 2003), aff'd 83 F. App'x. 519 (4th Cir. 2003). Upon a finding of such conduct, a district court may award attorney fees. *Id.*

It is apparent, however, that BOE simply availed itself of a right existing at law. In view of the standards governing the matter, the prospects of success were dim. But steep odds do not equate to bad faith, vexatiousness, or some other sanctionable motivation. This ground does not warrant a fee award.

### III.

Based on the foregoing discussion, the Court **DENIES** Dr. Abumasmah's motion for attorney fees [**Doc. 15**].[1] The matter of costs is properly addressed to the Clerk in the first instance.

The Clerk is directed to deliver a copy of this memorandum opinion and order to all counsel of record and to any unrepresented parties.

ENTERED: April 9, 2020

Frank W. Volk
United States District Judge

---

[1] In view of the pending appeal, the Court does not at this time reach Dr. Abumasmah's request that the Court fix BOA's continuing obligation to pay post-judgment interest on the arbitrator's award.